UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT
& SAFTEY FUNDS OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL
15, 15A, 15C & 15D, AFL-CIO, *et al.*,

      Plaintiffs,

 -against-

BENCHMARK LINE & GRADE INC.,

      Defendant.
------------------------------------------------------------X

REPORT AND
RECOMMENDATION

21 CV 4121 (MKB)(RML)

LEVY, United States Magistrate Judge:

  By order dated September 8, 2021, the Honorable Margo K. Brodie, United States District Judge, referred plaintiffs' motion for default judgment to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion be granted in part and denied in part without prejudice.

## BACKGROUND AND FACTS

  Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C, AFL-CIO ("Local 15 Trust Funds"), Central Pension Fund of the International Union of Operating Engineers ("CPF"), International Union of Operating Engineers National Training Fund ("NTF") (together, the "Funds") and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO ("Local 15") (collectively, "plaintiffs") brought this action on July 22, 2021, under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c, and Section 301 of the Labor Management Relations Act of 1947

("LMRA"), 29 U.S.C. § 185.  (Complaint, dated July 22, 2021 ("Compl."), Dkt. No. 1.)  Plaintiff Trustees, the Chief Executive Officer of the CPF, and the Executive Director of the NTF serve as fiduciaries for the Local 15 Funds, the CPF, and the NTF, respectively.  (Compl. ¶¶ 5, 10, 14.)  The Funds constitute multi-employer/employee benefit plans, within the meaning of ERISA.  (Id. ¶¶ 8, 12, 16.)  Local 15 is a labor organization under the LMRA, 29 U.S.C. § 152(5), chartered to represent employees working as surveyors throughout the five boroughs of New York City.  (Affidavit of Catherine Chase, sworn to Sept. 8, 2021 ("Chase Aff."), Dkt. No. 9, ¶ 3; see also Compl. ¶ 17.)

Defendant Benchmark Enterprises, Inc. ("defendant") is a foreign corporation licensed to do business in New York, with a principal place of business in Norwalk, Connecticut.  (Compl. ¶¶ 19-20.)  Local 15 and defendant are parties to a collective bargaining agreement (the "CBA") which covers the period of July 1, 2017 through June 30, 2023.  (See Affidavit of James M. Steinberg, Esq., sworn to Sept. 8, 2021 ("Steinberg Aff."), Ex. B, Dkt. No. 10-2.)

Plaintiffs seek to compel defendant to cooperate with an audit of its records to determine if fringe benefit contributions, supplemental union dues and political action committee payments are owed to plaintiffs and to recover any amounts owed as calculated in the final audit report in accordance with the requirements of ERISA, the LMRA, the CBA between Local 15 and defendant, and the underlying trust agreements establishing the Funds.  (Steinberg Aff., ¶ 1, Ex. B; see also Memorandum of Law in Support of Plaintiffs' Motion for Default Judgment, dated Sept. 8, 2021 ("Pls.' Mem."), Dkt. No. 11, at 2; Steinberg Aff. ¶ 2.)  Plaintiffs filed suit to obtain an audit for the period from January 1, 2017 through April 30, 2021 (the "audit period"), and any amounts found.  (See Pls.' Mem. at 2.)  After defendant failed to appear or answer in this action, plaintiffs filed a motion for default judgment on September 8, 2021.  (Plaintiffs'

Motion for Default Judgment, dated Sept. 8, 2021 ("Pls.' Mot."), Dkt. No. 8.)  Chief Judge Brodie referred plaintiffs' motion to me for a Report and Recommendation.  (Order, dated Sept. 8, 2021.)

Plaintiffs have demonstrated that defendant was properly served with the summons and complaint.  (Affidavit of Service of Robert Haak, sworn to Aug. 3, 2021, Dkt. No. 5; see also Declaration of James M. Steinberg, Esq. in Support of Request for Certificate of Default, dated Sept. 2, 2021, Dkt. No. 6-1.)  In addition, a Clerk's Certificate confirms that defendant has not filed an answer or otherwise moved with respect to the complaint, and that the time to do so has expired.  (Clerk's Certificate, dated Sept. 7, 2021, Dkt. No. 7.)

## DISCUSSION

A defendant's "default is deemed to constitute a concession of all well pleaded allegations of liability."  Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  Once a default judgment is entered, the court "is required to accept all of [the plaintiffs'] factual allegations as true and draw all reasonable inferences in [the plaintiffs'] favor."  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).  The court must also "determine whether [plaintiffs'] allegations establish [defendant's] liability as a matter of law."  Id.

Plaintiffs seek an order requiring defendant to submit to an audit of its records for the period from July 1, 2017 through April 30, 2021, in order to ascertain the amount, if any, of unpaid contributions due to the Funds.  (Pls.' Mot. at 1-2.)  To date, defendant has refused to produce the relevant records or to schedule an audit.  (Compl. ¶ 35.)

Section 515 of ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms . . . of a collectively bargained agreement

3

shall . . . make such contributions[.]" 29 U.S.C. § 1145. ERISA further requires an employer to "maintain records with respect to each of [its] employees sufficient to determine the benefits due" and to make records "available for examination." 29 U.S.C. §§ 1027, 1059(a)(1). Section 301 of the LMRA provides a cause of action for the "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185. "An employer's breach of a collective bargaining agreement and/or trust agreement, by failing to comply with an audit request, is actionable under the LMRA." Annuity, Welfare, & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Engineers Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Getty Contracting, LLC, No. 18 CV 1450, 2018 WL 7076168, at *3 (E.D.N.Y. Oct. 5, 2018) (collecting cases), report and recommendation adopted, 2018 WL 7076162 (E.D.N.Y. Dec. 12, 2018).

Pursuant to the CBA, defendant is responsible for paying the fringe benefit contributions together with supplemental union dues and political action committee payments to plaintiffs on behalf of the Local 15 surveyors it employs. (See Steinberg Aff., Ex. B, Art. X, XI.) By agreeing to contribute to the Funds, defendant is also subject to each of the trust agreements establishing the Funds. (Chase Aff. ¶ 4.) The trust agreements for the Local 15 Trust Funds provide: "The Trustees, or their authorized representatives, may examine the pertinent books and records of each Employer whenever such examination may be deemed necessary or advisable by the Trustees in connection with the proper administration of the [Fund]." (See Steinberg Aff., Ex. C, Dkt. No. 10-3, Art. V, § 5; Steinberg Aff., Ex. D, Dkt. No. 10-4, Art. VII, § 7; Steinberg Aff., Ex. E, Dkt. No. 10-5, Art. V, § 5.) The trust agreement for CPF states: "The Trustees may, by their respective representatives, audit and examine the pertinent employment and payroll records of each Employer . . . whenever such examination is deemed necessary or advisable by

4

the Trustees in connection with the proper administration of the Trust Fund." (Steinberg Aff., Ex. F, Dkt. No. 10-6, § 4.4.) The trust agreement for NTF states: "All Employers and Employee Benefit Plans, at the request of the Board of Trustees, shall submit to an audit by a qualified representative of the appropriate records of the Employer or Employee Benefit Plan to verify that the correct amount of contributions or of other payments due has been or will be paid." (Steinberg Aff., Ex. G, Dkt. No. 10-7, § 6.05.) Accordingly, the CBA and underlying trust agreements obligate defendant to make its records available to plaintiffs' designated representative to determine if defendant made the proper amount in annuity, pension, welfare, skill improvement and training contributions along with supplemental union dues and political action committee payments to plaintiffs.

Section 502(g)(2) of ERISA authorizes the court to award the Funds "legal or equitable relief as the court deems appropriate." "Likewise, pursuant to the LMRA, courts may enforce a union's contractual right to audit an employer's books and records." Getty Contracting, LLC, 2018 WL 7076168, at *4 (collecting cases). Having reviewed plaintiffs' default submissions, I find that the CBA and underlying trust agreements were effective for the duration of the audit period. Therefore, I respectfully recommend that defendant be ordered to submit to an audit of its records for the period from July 1, 2017 through April 30, 2021.

Once the audit is complete and the deficiency calculated, I recommend that plaintiffs file for the court's review the auditor's report, accompanied by an affidavit describing those calculations in detail, as well as a statement concerning the amount plaintiffs request in delinquent contributions, interest, liquidated damages, attorney's fees and audit fees.[1] I further

---

[1] A court may award damages pursuant to 29 U.S.C. § 1132(g)(2) when there is a reasonable basis on which to ascertain the amount owed. In the instant case, because defendant has failed to
(Continued . . .)

5

recommend that plaintiffs' request for fees and costs be denied without prejudice to renewal upon the completion of the audit. See, e.g., Annuity, Pension, Welfare, Training & Lab. Mgmt. Cooperation Tr. Funds of Int'l Union of Operating Engineers, Loc. 14-14B, AFL-CIO. Midwest Rem Enters., Inc., No. 20 CV 5893, 2021 WL 4341416 (E.D.N.Y. Sept. 1, 2021), report and recommendation adopted, 2021 WL 4340965 (E.D.N.Y. Sept. 23, 2021); Getty Contracting, LLC, 2018 WL 7076761, at *4.

## CONCLUSION

For the reasons explained above, I respectfully recommend that plaintiffs' motion for a default judgment be granted, and that defendant be directed to submit to an audit for the period from July 1, 2017 through August 30, 2021. I further recommend that plaintiffs' request for fees and costs be denied without prejudice and that plaintiffs be given leave to renew their request upon the completion of the audit and any ensuing motion for damages. Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Chief Judge Brodie and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

---

comply with audit requests, the amount of money owed to the Funds, if any, is not ascertainable at this time.

Respectfully submitted,

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      May 16, 2022