```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------------

THE ANNUITY, WELFARE AND
APPRENTICESHIP SKILL IMPROVEMENT
& SAFTEY FUNDS OF THE INTERNATIONAL          **ORDER**
UNION OF OPERATING ENGINEERS, LOCAL          21-CV-4121 (MKB) (RML)
15, 15A, 15C & 15D, AFL-CIO, et al.,

     Plaintiffs,

   v.

BENCHMARK LINE & GRADE, INC.,

     Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiffs The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO, Central Pension Fund of the International Union of Operating Engineers, International Union of Operating Engineers National Training Fund, and International Union of Operating Engineers Local 15, 15A, 15C & 15D, AFL-CIO commenced the above-captioned action on July 22, 2021, against Defendant Benchmark Line & Grade, Inc. (Compl., Docket Entry No. 1.) Plaintiffs seek to compel an audit of Defendant's payroll records and to recover certain benefits, supplemental union dues, and political action committee payments that they claim are owed under a collective bargaining agreement. (*Id.* at ¶ 1.)

  Currently before the Court is Plaintiffs' September 8, 2021 motion for default judgment, (Mot. for Default J., Docket Entry No. 8), which the Court referred to Magistrate Judge Robert M. Levy for a report and recommendation. (Order Referring Mot. dated Sept. 8, 2022.) By report and recommendation dated May 16, 2022, Judge Levy recommended that the Court grant

Plaintiffs' motion for default judgment and order Defendants to submit to an audit for the period from July 1, 2017 through April 30, 2021 (the "R&R").[1] (R&R 5, Docket Entry No. 13.) He further recommended that Plaintiffs file the auditor's report for the Court's review after the audit is complete, "accompanied by an affidavit describing those calculations in detail, as well as a statement concerning the amount [P]laintiffs request in delinquent contributions, interest, liquidated damages, attorney's fees and audit fees." (*Id.*) Judge Levy recommended that Plaintiffs' request for costs and fees be denied without prejudice and that Plaintiffs be allowed to renew this request after the audit. (*Id.* at 5–6.)

No objections to the R&R have been filed and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and

---

[1] The conclusion of the R&R refers to the period from July 1, 2017 through August 30, 2021, rather than April 30, 2021. (*See* R&R 6.) Given that the R&R elsewhere refers to April 30, (*id.* at 2, 3, 5), and the audit period in the Complaint ends on April 30, 2021, (Compl. ¶¶ 35, 37, 42), this is assumed to be an error.

recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, the Courts grants Plaintiffs' motion for default judgment; orders Defendant to submit to an audit for the period from July 1, 2017 through April 30, 2021; orders that upon completion of the audit, Plaintiffs file the auditor's report with an affidavit describing the deficiency calculations and a statement concerning the amount Plaintiffs request in delinquent contributions, interest, liquidated damages, attorney's fees, and audit fees; and denies Plaintiffs' request for fees and costs without prejudice.

Dated: August 15, 2022
      Brooklyn, New York

                                            SO ORDERED:


                                            _____s/ MKB_____
                                            MARGO K. BRODIE
                                            United States District Judge